FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★　FEB 16 2012　★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN LUKES,

                Plaintiff,

    -against-

POLICE OFFICER JOHN DOE, Rockville Centre
Police Department, and POLICE OFFICER JOHN
DOE, Rockville Centre Police Department,

                Defendants.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
12-CV-00601 (SJF)(AKT)

    On February 1, 2012, incarcerated *pro se* plaintiff Steven Lukes ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against two (2) "John Doe" police officers employed by the Rockville Centre Police Department (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Plaintiff's financial status, as set forth in the declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is granted.

    However, the United States Marshal Service will not be able to effect service of the summons and complaint on defendants without more information about their identity. The Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers. See Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*). Since plaintiff has provided the date, time and location of his arrest in the complaint, the Court hereby orders: (1) that the Clerk of the Court serve a copy of the complaint, together with this Order, on the Village Attorney for the

Incorporated Village of Rockville Centre; and (2) that **within thirty (30) days of the date this Order is served upon it**, the Rockville Centre Village Attorney's Office attempt to ascertain the full names and badge numbers of the police officers about whom plaintiff complains and provide the names, badge numbers and address(es) at which each such defendant can be served to the Court. Once the information is provided to the Court by the Rockville Centre Village Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants, summonses shall be issued as to those defendants and the USMS shall serve those defendants.

For the foregoing reasons, it is hereby:

ORDERED that plaintiff's application to proceed *in forma pauperis* is granted; and it is further,

ORDERED that within thirty (30) days of the date that this Order is served upon it, the Rockville Centre Village Attorney's office shall attempt to ascertain the identities of the two (2) "John Doe" police officers and provide that information, together with the address(es) at which each such officer can be served, to the Court; and it is further

ORDERED that once the information regarding the identities and addresses of the two (2) "John Doe" officers is provided to the Court by the Rockville Centre Village Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of those officers, summonses shall be issued as to those defendants and the United States Marshal Service shall serve the summonses and complaint, together with a copy of this Order, upon those defendants without prepayment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: February 16, 2012
Central Islip, New York